UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL J. WHITE, III                                      CIVIL ACTION

VERSUS                                                         NUMBER: 16-14115

TERREBONNE PARISH JAIL                             SECTION: "B"(5)
     ASHLAND

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Daniel J. White, III, against Defendant, the Terrebonne Parish Jail ("TPJ") in Ashland, Louisiana. (Rec. doc. 1, p. 1).

Plaintiff is an inmate of the TPJ since his arrest on unspecified charges in February of 2016. (Rec. doc. 1, p. 2). In the portion of the standardized §1983 complaint form that he submitted where he was asked to set forth the facts of his case, Plaintiff presented no factual allegations whatsoever. (*Id.* at p. 5). In his prayer for relief, Plaintiff seeks $100,000.00 in compensatory damages for the pain and suffering he and his family endured "… during a time of mourning." (*Id.*).

As noted above, Plaintiff has initiated this matter IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 4). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  On that score, correctional facilities like the TPJ are not considered to be "persons" within the meaning of §1983 as it is a building and not an entity or person who is capable of being sued as such.  *Smith v. Terrebonne Parish Criminal Justice Complex*, No. 14-CV-2207, 2014 WL 5780696 at *2 (E.D. La. Nov. 4, 2014); *Coleman v. Terrebonne Parish Criminal Justice Complex*, No. 13-CV-4325, 2013 WL 6004051 at *5 (E.D. La. Nov. 13, 2013); *Authement v. Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *4 (E.D. La. Dec. 3, 2009).  In the absence of any specifically named jail personnel who allegedly violated Plaintiff's constitutional rights, there are no appropriate juridical persons before the Court against whom judgment may properly be entered pursuant to Rule 17, Fed. R. Civ. P.  *Authement*, 2009 WL 4782368 at *4; *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. (E.D. La. Feb. 2, 2006).  Moreover, while the Court is not unsympathetic to Plaintiff's bereavement, absent a showing of physical injury, his request for compensatory damages is barred by 42 U.S.C. §1997e(e).  *Richard v. Cupp*, No. 08-CV-1544, 2009 WL 840218 at *6 (W.D. La. Mar. 25, 2009).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  31st  day of  August , 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.