```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

**DANIEL J. WHITE, III**                            CIVIL ACTION

**VERSUS**                                          **NO. 16-14115**

**TERREBONNE PARISH JAIL**                          SECTION "B" (5)

ORDER AND REASONS

Before the Court is Plaintiff Daniel J. White's pro se and *in forma pauperis* 42 U.S.C. § 1983 action against defendant Terrebonne Parish Criminal Justice Complex in Ashland, Louisiana. Rec Doc. 1. The Magistrate Judge issued a Report and Recommendation ("Report") to dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failing to state a claim upon which relief can be granted. Rec. Doc. 5. In response to the Report, Plaintiff timely filed objections and requested that this Court consider his case. Rec. Doc. 7.

For the reasons outlined below, **IT IS ORDERED** that:

(1) Plaintiff's objections are **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendations are **ADOPTED** as the opinion of the court, with clarification in response to the Plaintiff's objections; and

(3) Plaintiff's claim against the Terrebonne Parish Criminal Justice Complex is **DISMISSED WITH PREJUDICE.**

Plaintiff has been an inmate of Terrebonne Parish Jail since an arrest on February 19, 2016. Rec. Doc. 1 at 2. He filed an *in forma pauperis* complaint under the Civil Rights Act, 42 U.S.C. § 1983, on June 21, 2016[1] using a standard filing form. Rec. Doc. 1. Plaintiff was sent a Notice of Deficient Filing and instructed to transpose the named defendant on the first page of the form to the defendant list on the fourth page. Rec. Doc. 3 at 4. Plaintiff timely complied. Rec. Doc. 6. The Report cited Plaintiff's complaint for failing to state the facts relied on in support of his case. Rec. Doc. 5 at 1. This section was left blank on the standard filing form and was not identified as deficient in the Notice of Deficient Filing. Rec. Doc. 1 at 5; Rec. Doc 3.

In his timely Objection to the Report, Plaintiff stated a "summary of the case" that detailed the "facts of [his] case which relief can be granted." Rec. Doc. 7 at 1. He now alleges as a basis for his claim that he was denied permission to attend the burial of his wife while detained in the Terrebone Parish Criminal Justice Complex. *Id*. However, the Objection to the Report does not identify any participating officer by name and only names as defendant the Terrebone Parish Criminal Justice Complex. *Id*. He also alleges another inmate was granted permission to attend his relative's funeral. *Id*.

---

[1] The complaint was filed by the court on August 24, 2016, but the signature date is used as the filing date under the Mailbox Rule.

2

An *in forma pauperis* complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2) if the court determines that "(A) the allegation of poverty is untrue; or (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

For a proper complaint under 42 U.S.C. § 1983, a plaintiff must allege that the defendant 1) is a person acting under color of state law and in accordance with an established state procedure, and 2) deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330 (1986). Correctional facilities are not considered "persons" within the meaning of § 1983, because such facility is not a juridical person capable of being sued. *Smith v. Terrebonne Parish Criminal Justice Complex*, No. 14-CV-2207, 2014 WL 5780696 at *2 (E.D. La. Nov. 4, 2014); *Coleman v. Terrebonne Parish Criminal Justice Complex*, No. 13-CV-4325, 2013 WL 6004051 at *5 (E.D. La. Nov. 13, 2013).

In his § 1983 complaint and his Objection to the Report, Plaintiff named Terrebone Parish Criminal Justice Complex as defendant. Rec. Doc. 6; Rec. Doc. 7. Plaintiff failed to identify any state actors by name as defendants, even though he alleged that at least one officer was involved in his injury. Rec. Doc. 6;

3

Rec. Doc. 7 at 1. Because Plaintiff has not specifically named a person as defendant, his *in forma pauperis* complaint fails to state a claim upon which relief can be granted. Any claim against Terrebone Parish Criminal Justice Complex cannot stand because the facility is not a proper defendant under any circumstances.[2]

Further, there is no federal or constitutional right that mandates jailers to allow inmates to attend a relative's funeral. *Billizone v. Jefferson Parish Correctional Center*, Civil Action No. 14-2594, 2015 WL 966149, at *9 (E.D. La. March, 4, 2015).

New Orleans, Louisiana, this 1st day of November, 2016.

SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Dismissal will be more appropriate than a remand because the statement of facts in noted Objection to the Report fail to specifically identify officer(s) allegedly involved in his injury; and the claim lacks legal support.